97 A.3d 260

IN THE MATTER OF JARED E. STOLZ, AN ATTORNEY
AT LAW (ATTORNEY NO. 019621990).

September 4, 2014.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 13–331, concluding that **JARED E. STOLZ** of **FLEMINGTON,** who was admitted to the bar of this State in 1990, should be suspended from the practice of law for a period of three months for violating *RPC* 3.2 (failing to treat with courtesy and consideration all persons involved in the legal process), *RPC* 3.3(a)(1) (knowingly making a false statement of material fact or law to a tribunal), *RPC* 3.3(a)(5) (failing to disclose to the tribunal a material fact knowing that the omission is reasonably certain to mislead the tribunal), *RPC* 4.1(a) (in representing a client, knowingly making a false statement of material fact or law to a third person), *RPC* 8.4(a) (violating or attempting to violate the *RPC*s), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice), and good cause appearing;

It is ORDERED that **JARED E. STOLZ** is suspended from the practice of law for a period of three months, and until the further Order of the Court, effective October 3, 2014; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.